HUGHES & LaFOUNTAINE
Attorneys At Law, A Law Corporation

ROY F. HUGHES                 1774-0
rhughes@hugheslafountaine.com
1003 Bishop Street, Suite 2525
Honolulu, Hawaii              96813
Telephone No.                 526-9744
Facsimile No.                 521-7489

Attorney for Plaintiff
TIG INSURANCE COMPANY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 26 2010

at __ o'clock and _10_ min. P.M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIG INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>vs.<br><br>HASEKO HOMES, INC. and HASEKO CONSTRUCTION, INC.,<br><br>      Defendants. | CASE NO. CV 10 00107 DAE KSC<br><br>TIG INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF; SUMMONS |

TIG INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF

Plaintiff TIG INSURANCE COMPANY for its complaint hereby alleges as follows:

**THE PARTIES**

1.   Plaintiff TIG INSURANCE COMPANY ("TIG") is a corporation incorporated under the laws of the state of California, with its principal place of business in Manchester, New Hampshire, and is licensed to write insurance in the State of Hawaii.

2.   TIG is informed and believes and thereon alleges that Defendant, Haseko Construction, Inc. ("Haseko Construction") is and was at all relevant times in the business of building residential homes and is a corporation organized under

the laws of the State of Hawaii, with its principal place of business in Ewa Beach, Hawaii, engaged in and is authorized to transact business in the State of Hawaii.

3. TIG is informed and believes and thereon alleges that Defendant, Haseko Homes, Inc. ("Haseko Homes") is and was at all relevant times in the business of developing residential homes and is a corporation organized under the laws of the State of Hawaii, with its principal place of business in Ewa Beach, Hawaii, engaged in and is authorized to transact business in the State of Hawaii.

## JURISDICTION AND VENUE

4. This court has original jurisdiction under 28 U.S.C. section 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, the sum or value specified by 28 U.S.C. section 1332. Venue is proper in the District of Hawaii in that all of the defendants are subject to personal jurisdiction in this district at the time the action is commenced and there is no district in which the action may otherwise be brought.

## GENERAL ALLEGATIONS

A.  **The Underlying Actions**

5. This insurance coverage dispute arises out of the development and construction by Defendants Haseko Construction and Haseko Homes (collectively "Haseko") of certain homes, town homes and other residential units at the Ocean Pointe Project ("Ocean Pointe") located in Ewa, in the City and County of Honolulu, State of Hawaii.

6. TIG is informed and believes that Haseko alleges that the residential units at Ocean Pointe were constructed using galvanized steel hurricane strap tie hold-downs that were designed, manufactured and sold by Simpson Strong-Tie Company, Inc. (the "Simpson straps"). The Simpson straps were allegedly attached to the outermost edge of the concrete slab foundation of the residential

units and attached to studs to provide a continuous tie from the foundation to the wall. TIG is further informed and believes that Haseko alleges that the Simpson straps were part of a system to prevent injury and damage to persons and/or property from wind uplift forces, such as those that would occur during hurricanes, and to comply with applicable building codes.

7. TIG is informed and believes that Haseko contends that in or about 2005, several homeowners at Ocean Pointe asserted claims against Haseko related to spalling and cracking in the foundations of their residential units and requested that Haseko make appropriate repairs. Upon investigation, Haseko contends that it discovered that the Simpson straps in the residential units were prematurely deteriorating, causing damage to the concrete slab foundations, including spalling, cracking and deterioration of the concrete.

8. TIG is informed and believes that Haseko was named as a defendant in a purported class action lawsuit captioned *Gordon Kai, et al. v. Haseko Homes, Inc., et al.*, Circuit Court for the First Circuit of Hawaii, Civil No. 09-1-1476-06 RAT (the "*Kai* Action"). The *Kai* Action alleges strict liability, negligence and other claims against Haseko related to the use of the Simpson straps in the construction of certain residential units at Ocean Pointe.

9. TIG is informed and believes that on or about August 19, 2009, Haseko was named as a defendant in a purported class action lawsuit captioned *Charles, et al. v. Haseko Homes, Inc., et al.*, Circuit Court for the First Circuit of Hawaii, Civil No. 09-1-1932-08 SSM (the "*Charles* Action"). On or about September 4, 2009, the plaintiffs in the *Charles* Action filed a First Amended Class Action Complaint which alleges strict liability, negligence and other claims against Haseko related to the use of the Simpson straps in the construction of certain residential units at Ocean Pointe.

10. TIG is informed and believes that on or about November 18, 2009, Haseko was named as a defendant in a purported class action lawsuit captioned *Alvarez, et al. v. Haseko Homes, Inc., et al.*, Circuit Court for the First Circuit of Hawaii, Civil No. 09-1-2697-11 (the "*Alvarez* Action"). The complaint in the *Alvarez* Action alleges strict liability, negligence and other claims against Haseko related to the use of the Simpson straps in the construction of certain residential units at Ocean Pointe.

11. TIG is informed and believes that Haseko believes that additional lawsuits may be filed against it related to the use of the Simpson straps in the construction of certain residential units at Ocean Pointe. The *Kai* Action, the *Charles* Action, the *Alvarez* Action and any future actions against Haseko seeking damages arising out of the use of the Simpson straps in the construction of certain residential units at Ocean Pointe are referred to collectively as the "Underlying Actions".

**B.   The Insurance Policy**

12. Plaintiff TIG issued the following Coverage Plus Excess Liability Policy to Haseko Homes, Inc: policy number XLB9152516, effective from November 5, 1997 to November 5, 2001 (the "TIG Policy"). Subject to all of the terms and conditions therein, the TIG Policy provides commercial general liability coverage to Haseko Homes, Inc. for covered liability in excess of the applicable limits of underlying insurance.

**C.   The Coverage Dispute between TIG and Haseko**

13. Pursuant to the TIG Policy, TIG agreed to pay on Haseko's behalf the sums that Haseko becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" to which the TIG Policy applies during the policy period. TIG contends, and Haseko disputes that the claims for

property damage in the Underlying Actions are not covered "property damage" under the TIG Policy.

14. TIG contends, and Haseko disputes that TIG's defense obligation for the Underlying Actions can only be triggered by, among other things, the exhaustion of the underlying policies set forth in the Schedules of Underlying Insurance in the TIG Policy, as well as any other insurance available to the insured.

15. TIG contends, and Haseko disputes that pursuant to the TIG Policy, TIG has no duty to indemnify Haseko for liability arising out of the Underlying Actions until, among other things, the limits set forth on the Schedules of Underlying Insurance are exhausted through payment of claims covered by the TIG Policy.

16. Haseko contends that it faces potential liability in excess of $14 million if it is found to be liable to the homeowners and must remove and replace the Simpson straps in the Underlying Actions. TIG contends, and Haseko disputes that TIG is not responsible for any judgments, settlements or costs of repairs for the liabilities in the Underlying Actions.

## CLAIM FOR RELIEF

### (Declaratory Relief Re: Duty to Defend Against Haseko)

17. TIG refers to and incorporates by reference Paragraphs 1 through 16, inclusive as though fully set forth herein.

18. Haseko demanded that TIG defend it under the TIG Policy in connection with the Underlying Actions.

19. TIG's defense obligation for the Underlying Actions can only be triggered by, among other things, the exhaustion of the underlying policies set forth in the Schedules of Underlying Insurance set forth in the TIG Policy, as well as any other insurance available to the insured. The underlying policies have not exhausted. Furthermore, the claims in the Underlying Actions are not within the

coverage afforded by the TIG Policy and are otherwise excluded from coverage by the terms, conditions and exclusions contained in the TIG Policy.

20. An actual and justiciable controversy has arisen and now exists between TIG, on the one hand, and Haseko, on the other, concerning the extent and/or existence of TIG's duty to defend Haseko with respect to the claims in the Underlying Actions against Haseko.

21. TIG contends, and Haseko disputes, that TIG has no duty to defend Haseko because the underlying policies have not exhausted and/or because the claims in the Underlying Actions are not within the coverage afforded by the TIG Policy and are otherwise excluded from coverage.

22. A judicial declaration of the rights, duties and obligations of the parties is necessary and appropriate at this time so that the parties may ascertain their rights, duties and obligations under the TIG Policy with respect to the duty to defend Haseko against the claims in the Underlying Actions. TIG also seeks associated declarations as required to support the requested general declarations.

## SECOND CLAIM FOR RELIEF

**(Declaratory Relief Re: Duty to Indemnify Against Haseko)**

23. TIG refers to and incorporates by reference Paragraphs 1 through 22, inclusive as though fully set forth herein.

24. TIG is informed and believes and thereupon alleges that an actual controversy has arisen and now exists between TIG and Haseko concerning their respective rights, duties and obligations under the TIG Policy. TIG contends, and Haseko disputes, that it has no duty to indemnify Haseko for the cost of repair, removal or replacement of the hurricane straps at the homes involved in the Underlying Actions and/or other damages that may be awarded against Haseko in the Underlying Actions.

25. TIG is informed and believes and thereupon alleges that a judicial declaration is necessary and appropriate at this time so that TIG and Haseko may ascertain the rights, duties and obligations under the TIG Policy with respect to TIG's duty to indemnify Haseko in the Underlying Actions.

26. TIG seeks a judicial declaration that it has no duty under the TIG Policy to indemnify Haseko in the Underlying Actions for damages awarded against Haseko in the Underlying Actions, including damages associated with the cost for repair, removal or replacement of the hurricane straps. TIG also seeks associated declarations as required to support the requested general declaration.

## PRAYER

Wherefore, Plaintiff TIG asks for judgment against Defendants, and each of them, and seeks the following relief from this Court:

1. On the First Claim for Relief, a judicial declaration and determination that TIG has no duty to defend Haseko under the TIG Policy for the claims asserted against Haseko in the Underlying Actions. TIG also seeks any associated declarations as required to support the requested general declaration;

2. On the Second Claim for Relief, a judicial declaration and determination that TIG has no duty to indemnify Haseko under the TIG Policy for the claims asserted against Haseko in the Underlying Actions. TIG also seeks any associated declarations as required to support the requested general declaration;

3. For an award of TIG's costs in this action; and

4. For such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, FEB 2 6 2010 .

_____
ROY F. HUGHES
Attorney for Plaintiff
TIG INSURANCE COMPANY

7